IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Nationwide Insurance Company of America, ) )<br>Plaintiff, )<br>)<br>v. )<br>)<br>Kenji Kenan; DeMontre Busby; )<br>Howard Bookard; Professional Pest )<br>Control Services, LLC, )<br>)<br>Defendants. )<br>_____ )<br>)<br>Kenji Kenan, )<br>)<br>Counter Claimant, )<br>)<br>v. )<br>)<br>Nationwide Insurance Company of )<br>America, )<br>)<br>Counter Defendant. )<br>_____ ) | Case No. 5:23-cv-00306-JDA<br><br>**<u>OPINION AND ORDER</u>** |

This matter is before the Court on a motion to dismiss filed by Defendant Kenji Kenan [Doc. 17] and a motion for summary judgment filed by Plaintiff [Doc. 30]. Kenan filed his motion to dismiss on March 15, 2023, arguing that this Court should decline to exercise jurisdiction over the action under the Declaratory Judgment Act. [Doc. 17.] Plaintiff responded to Kenan's motion to dismiss on March 28, 2023. [Doc. 21.] On August 16, 2023, Plaintiff filed a motion for summary judgment asking the Court to enter a declaratory judgment in its favor. [Doc. 30.] Kenan and the other Defendants filed responses to Plaintiff's motion on September 13, 2023 [Docs. 35; 36], and Plaintiff filed a

reply on September 20, 2023 [Doc. 37].[1]  For the reasons below, the Court denies both motions with leave to refile.

## BACKGROUND

This declaratory judgment action arises out of two lawsuits in the Orangeburg County Court of Common Pleas against Kenan (the "Underlying Cases").

On April 8, 2019, Plaintiff issued a homeowners policy to Kenan for his residence in Orangeburg, South Carolina, effective through April 8, 2020 (the "Policy").  [Doc. 1 ¶ 10.]  The complaints in the Underlying Cases allege that on April 7, 2020, Defendant Professional Pest Control Services, LLC ("Pest Control") dispatched Defendant DeMontre Busby, its pest control technician, to Kenan's property to provide pest control services. [*Id*. ¶ 16.]  While Busby was working under the house, Kenan shot Busby without warning. [*Id*. ¶ 17.]  The Underlying Cases followed, as well as a criminal action in which Kenan pled guilty to Assault and Battery 1st Degree on May 23, 2022.  [*Id*. ¶¶ 13–14, 18.]

In light of Kenan's guilty plea, Plaintiff seeks a declaration from this Court that the Policy does not provide liability coverage for the injuries alleged as a result of the April 7, 2020, shooting for any of three reasons: (1) the shooting incident is not an "occurrence" as defined by the Policy; (2) the Policy's expected or intended injury exclusion applies; or (3) the Policy's criminal act exclusion applies.  [Doc. 1 ¶¶ 20–36.]

## APPLICABLE LAW

Under the Declaratory Judgment Act, a district court, in "a case of actual controversy within its jurisdiction, . . . may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  "A federal court

---

[1] This case was reassigned to the undersigned on February 14, 2024.  [Doc. 41.]

has the discretion to decline to entertain a declaratory judgment action, but . . . the court must do so only for good reason." *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965–66 (4th Cir. 1994) (internal quotation marks omitted). The Fourth Circuit has held that in declaratory judgment actions that have pending related state court proceedings, courts must consider whether "federalism, efficiency, and comity" counsel against exercising jurisdiction when the ongoing proceeding in state court overlaps with the federal case. *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (internal quotation marks omitted). "To aid district courts in balancing the state and federal interests when a parallel state action is pending,", the Fourth Circuit has articulated four factors, known as the "*Nautilus* factors," for consideration:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

*United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998) (citing *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994) (citations omitted), *abrogated in part on other grounds by Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995)).

## **DISCUSSION**

Kenan argues that Plaintiff's Complaint should be dismissed on the basis that this Court should abstain from exercising jurisdiction under the Declaratory Judgment Act. [Doc. 17-1.] Specifically, Kenan relies on the Fourth Circuit's holding in *Trustgard Insurance Company v. Collins*, 942 F.3d 195 (4th Cir. 2019), in which the court held that

the district court abused its discretion when it assumed jurisdiction under the Declaratory Judgment Act. [Doc. 17-1 at 3–4.] Relying on *Trustgard* and subsequent District of South Carolina decisions,[2] Kenan argues that, in light of *Trustgard*, the *Nautilus* factors indicate that this Court should decline to exercise jurisdiction over this action. [*Id*. at 3–7.]

In response, Plaintiff argues that abstention is inappropriate under the *Nautilus* factors. [Doc. 21.] Plaintiff does not reference *Trustgard* in its opposition to Kenan's motion but instead argues that this case involves the "routine application of settled principles of insurance law to particular facts" that do not warrant state court involvement. [*Id*. at 7–10.] Plaintiff asserts that it cannot intervene in the Underlying Cases to have the coverage issues decided under state law, and as a result, the issues in this case cannot be more efficiently litigated in state court. [*Id*. at 10–13.] Because there is no pending state case against Plaintiff regarding the coverage issues, Plaintiff contends that there are no potential "entanglement" issues with the state court if this action proceeds. [*Id*. at 13–16.] Finally, Plaintiff maintains that it is not forum shopping because the issues presented in this declaratory judgment action differ from those being litigated in the Underlying Cases. [*Id*. at 16.]

After reviewing the parties' arguments and the relevant case law, it is unclear to the Court whether the Fourth Circuit's holding in *Trustgard* is dispositive here. In *Trustgard*, an insurance company brought a declaratory judgment action in this Court

---

[2] *See Progressive N. Ins. Co. v. Jackson*, No. 5:19-cv-02002-JMC, 2020 WL 4904824, at *3 (D.S.C. Aug. 20, 2020) (dismissing sua sponte a declaratory judgment action brought by an insurer based on *Trustgard*); *LM Gen. Ins. Co. v. Nichols*, No. 3:18-cv-02323-JMC, 2020 WL 1274272 (D.S.C. Mar. 17, 2020) (dismissing sua sponte a declaratory judgment action brought by an insurer based on *Trustgard*).

4

regarding its duty to indemnify a defendant in a personal injury action being litigated in state court.[3]  942 F.3d at 197.  The district court granted summary judgment and issued a declaratory judgment in favor of the insurer, and the Fourth Circuit held that the district court abused its discretion when it assumed jurisdiction under the Declaratory Judgment Act.  *Id*. at 197–99.  Subsequent District of South Carolina cases have interpreted *Trustgard* to apply only to declaratory judgment actions regarding a duty to indemnify, not a duty to defend.  See *Allstate Prop. and Cas. Ins. Co. v. Soto*, No. 7:22-cv-00696-TMC, 2023 WL 11891229, at *5 (D.S.C. Aug. 28, 2023) ("The question of whether an insurer has a duty to defend an insured is ripe upon the filing of an underlying complaint containing factual allegations that potentially come within the terms of the policy."); *General Star Indemnity Co. v. Condustrial, Inc.*, No. 2:22-3811-RMG, 2023 WL 388135, at *3 (D.S.C. Jan. 25, 2023) ("Nothing in *Trustgard* precludes this Court from determining whether [the insurer] has a duty to defend . . . .  In fact, *Trustgard* itself says the opposite.").

      Here, Plaintiff requests in its Complaint that the Court declare that Plaintiff "owes no duty to defend or indemnify" Kenan.  [Doc. 1 at 6.]  However, Kenan asserts (and Plaintiff does not dispute) that Plaintiff has already appeared in his defense in the Underlying Cases and has hired a law firm to defend him.  [Doc. 17-1 at 2.]  Thus, based on the pleadings and the parties' arguments, it appears to the Court that Plaintiff may be

---

[3] In *Trustgard*, the insurer had issued an endorsement to a policy issued to the insured, under which "the insurer [was] obligated to pay a judgment against the insured." 942 F.3d at 198. Although that endorsement was "not technically insurance," the difference between the endorsement and the insurance policy is of no consequence for the Court's present jurisdictional purposes.  See *id*.

seeking a declaration regarding its duty to *continue* to defend Kenan as well as its duty to indemnify.  However, this is not articulated in the Complaint or in the parties' briefing of Kenan's motion to dismiss.  It is paramount that the Court understand whether Plaintiff seeks a declaration regarding its duty to defend before it determines whether to exercise jurisdiction, but based on the information currently before the Court, this is unclear.

Moreover, the status of the Underlying Cases is also unclear.[4]  It appears to the Court that both actions have been stricken from the docket pursuant to Rule 40(j) of the South Carolina Rules of Civil Procedure.  *See Bookard v. Kenan*, No. 2020CP3800621 and *Busby v. Kenan*, 2020CP3800622, available at Orangeburg County Public Index, https://publicindex.sccourts.org/Orangeburg/PublicIndex/PISearch.aspx (search by case numbers 2020CP3800621 and 2020CP3800622) (last visited Sept. 17, 2024).  Busby filed motions to restore the cases to the docket in both actions on December 6, 2022, but those motions have not yet been ruled on by the state court.  *Id*.  As such, it is unclear to the Court whether the Underlying Actions are still pending and if there is even a need for a defense or a possibility of a judgment against Kenan at this stage.

Because the Court lacks the information necessary to determine whether to exercise jurisdiction here, and because it must first determine whether it has jurisdiction before reaching the merits of Plaintiff's claims, the Court denies both motions with leave to refile and orders the parties to file a joint status report (a) proposing an Amended Scheduling Order that includes a deadline for the motions to be refiled, and (b) advising the Court of the following information: (1) the status of the Underlying Cases; (2) the status

---

[4] The Court takes judicial notice of the Underlying Cases.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (holding that courts may take judicial notice of other courts' records and proceedings)

6

of Plaintiff's defense of Kenan in the Underlying Cases and whether Plaintiff seeks a declaration regarding its duty to defend; and (3) two dates the parties are available for a status conference.

## **CONCLUSION**

Wherefore, based upon the foregoing, Kenan's motion to dismiss [Doc. 17] and Plaintiff's motion for summary judgment [Doc. 30] are DENIED with leave to refile, and the parties are ordered to file a joint status report by September 30, 2024.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

September 18, 2024
Columbia, South Carolina